[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

No. 04-11355
Non-Argument Calendar

_____

D.C. Docket No. 04-00017-CV-RWS-1

ARTHUR O. ARMSTRONG,

Plaintiff-Appellant,

versus

CITY OF CONYERS,
CONYERS POLICE DEPARTMENT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 17, 2005)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Arthur O. Armstrong, proceeding pro se, appeals the district court's order dismissing as duplicative his civil rights action, brought pursuant to 42 U.S.C. § 1983.[1] On appeal, Armstrong argues that the district court erred in finding that the instant lawsuit was barred by the doctrine of res judicata because he previously had filed a similar lawsuit. In the first lawsuit, district court case number 02-02629, the district court granted summary judgment in favor of the defendants, a decision that this Court affirmed on appeal, number 03-13509. In his brief, Armstrong claims that the doctrine of res judicata does not apply because "the party was different and there has been no final judgment on the merits."

This Court reviews the district court's legal determination that a claim is barred by the doctrine of res judicata de novo. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

The doctrine of res judicata bars the filing of claims which were raised in an earlier proceeding. Id. A claim is barred by the doctrine of res judicata if all four of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties,

---

[1] Armstrong does not challenge the procedural basis for the dismissal on appeal. In any event, we note that a district court may exercise its inherent authority under a number of circumstances. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (noting that inherent authority exists to dismiss a complaint as frivolous and malicious regardless of the plaintiff's filing status).

or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. If a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action, the two cases are really the same claim or cause of action for purposes of res judicata. See id. at 1239. Privity exists where the nonparty's interests were adequately represented by the party in the original suit or "where a party to the original suit is so closely aligned to a nonparty's interest as to be his virtual representative." N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560-61 (11th Cir. 1990) (internal quotation omitted).

The district court correctly determined that Armstrong's new lawsuit was barred by the doctrine of res judicata. It is clear that the first, second, and fourth elements are met. Despite Armstrong's contention to the contrary, it is clear that there was a final judgment on the merits that was rendered by a court of competent jurisdiction. The district court's decision was affirmed on appeal by this Court. It is also clear that the same cause of action was involved in both cases, because the new case arose out of the same nucleus of operative fact as the original action – a traffic stop that occurred on July 5, 2002, where Armstrong received several citations and where his daughters were telephoned.

The only element remaining is the third element, requiring that the parties, or those in privity with them, be identical in both suits. Armstrong claims that <u>res judicata</u> does not apply because the parties to the cases are different. To the extent that the parties differ, <u>res judicata</u> still applies because the parties in both cases are in privity with one another. This is because the nonparties' interests were adequately represented by the parties in the original suit. <u>See</u> <u>N.A.A.C.P.</u>, 891 F.2d at 1560-61.

Upon review of the record, and upon consideration of the parties' briefs, we find no reversible error. For the foregoing reasons, we affirm.

**AFFIRMED.**